# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT, MARCH TERM, 1839.

[PHILADELPHIA, MARCH 30TH, 1839.]

## M'DOWELL *against* MEREDITH.

IN ERROR.

1. In debt on a bond, the defendant pleaded payment, with leave to give the special matter in evidence, and gave notice that on the trial, he would give in evidence in avoidance of the bond, that the consideration of the bond was an assignment by the plaintiff to the defendant, of a right to sell and use "a Patent Corn-shelling Machine," and that the plaintiff had no patent-right to the same, and sold to the defendant a right which he did not possess, &c. *Held,* that the notice was sufficiently certain, and that under this notice, the defendant might give in evidence that the plaintiff had obtained a patent for an improvement by the adaptation of a grinding apparatus to a shelling machine, and not for "a corn-shelling and grinding machine" which he undertook to sell to the defendant. *Held also,* that the deed of assignment of the patent-right was admissible on the part of the defendant, reciting that the plaintiff had obtained a patent for a "corn-shelling and grinding machine," although it purported to transfer only the plaintiff's "right, title and interest" in the machine.
2. Where the sale of a patent-right had been effected by an agent, who some months after the sale sent a specification of the improvement claimed by the patentee, to the vendee, it was held that the act was evidence against the vendor, especially as the vendor was informed of the act, and did not disavow it.

ERROR to the Court of Common Pleas of the County of Bucks.

E. T. M'Dowell, assignee of George M. Weaver, brought an

(M'Dowell *v.* Meredith.)

action of debt in that Court, against Hugh Meredith, to recover the first instalment due upon a bond dated the 16th of April, 1836, given by the defendant Hugh Meredith to George M. Weaver, and assigned to E. T. McDowell.

The defendant pleaded *non est factum* and payment, with leave, &c. and gave the following notice of special matter, &c.

" Take notice, that on the trial of the above cause, the defendant will give in evidence in avoidance of the bond upon which suit is brought, that it was given without good consideration, and that it was obtained by fraud and a suppression of the truth; that the consideration of the said bond was an assignment by the said Weaver to the defendant, of a right to sell and use a *patent Corn-shelling Machine*, in the states of Missouri and Illinois; that at the time of the transfer of the said pretended patent, the said Weaver had no patent-right for the same, and sold to the defendant a right which he did not possess, and which he had no power to sell."

On the trial of the cause before Fox, President, on the 15th of February, 1839, the execution of the bond having been proved, evidence was given on the part of the defendant, to show that it was given as the consideration in part, of the sale of the patent-right of a corn-shelling machine, conveyed by Weaver to Meredith, for the states of Missouri and Illinois. The defendant also produced as a witness one Maddock, who testified as follows:

" I had an interest of one-third in the sale to Hugh Meredith," (and upon being shown a letter answered,) " this letter was written by me, and I enclosed the papers to Dr. Meredith;" (and upon being shown one of the papers, answered,) " this is the specification of the machine sold to Dr. Meredith. I acted as agent of Weaver. I presume I received the specification from Weaver. It has got my handwriting on it. I did the whole business from first to last with Dr. Meredith. The consideration of the sale was five hundred dollars, and one hundred and fifty dollars were paid in cash. That letter was not written by the direction of Weaver. I mentioned to Weaver that I had received a letter from Dr. Meredith, and that I had written to him, enclosing the specification, and I do not recollect that Weaver made any reply to what I told him. I was only the agent in the sale. That sale had been closed some five or six months. I sent the specification on the 3d of June, 1836, to Dr. Meredith."

The defendant then offered in evidence the paper purporting to be a specification referred to in the testimony of Mr. Maddock. It was objected to by the plaintiff's counsel, but the Court overruled the objection, and sealed a bill of exceptions. The specification was then read. The part relied upon by the defendant, was in these

(M'Dowell *v*. Meredith.)

words : " Now what I claim as new, and as my invention, for which I ask letters-patent, is the construction and arrangement of the feeder operating with the cylinder, on the principle and in the manner herein described ; and also the construction of the grinder by which it is made to grind on the conical and front surfaces at the same time, as herein set forth. In testimony that the foregoing is a true specification of my said improvement, I have hereunto set my seal," &c. Accompanying the specification were the letters-patent.

The defendant then offered in evidence, the conveyance to him by Weaver, of the patent-right, which deed was objected to by the plaintiff, but admitted by the Court. This deed witnessed " that the said George M. Weaver, did on the 9th day of June, 1835, forward to the United States' Patent Office, his specification of his corn-shelling and grinding machine, which invention is secured to him," &c. And in consideration of the sum of five hundred dollars, the said G. M. Weaver did grant, bargain and sell, &c. to the said Hugh Meredith, " all his right, title and claim to the aforesaid corn-shelling and grinding machine, in the states of Missouri and Illinois."

The evidence being closed, the Court was requested to charge the jury on the following points :

" 1. That the specification could not be received as evidence that Weaver had no patent-right for the machine sold to Meredith."

To which the Court answered ; " The specification is evidence to show what Weaver claimed to be his right."

" 2. That there was no evidence offered by the defendant, to show that Weaver had not the patent-right."

To this the Court answered; " There is evidence to show that Weaver did not claim to have a patent for what he sold to Meredith, if the specification is not for what he sold, which is a question for the jury."

" 3. That the said Court had no power to decide whether Weaver had a patent right or not."

To which the Court answered; " So far as it is necessary to decide this cause, they have the right so to decide."

" 4. That if the jury believe the witnesses, the plaintiff is entitled to recover.

To which the court answered, " We cannot answer this in the affirmative.

The jury having rendered a verdict for the defendant, the plaintiff sued out a writ of error, and made the following assignment of errors :—

(M'Dowell *v.* Meredith.)

" 1. The Court erred in admitting in evidence the paper purporting to be a specification.

" 2. The Court erred in admitting in evidence the instrument purporting to be a patent-right deed.

" 3. The Court erred in their answers to the several points, upon which they were requested to charge the jury."

Mr. *Ross*, for the plaintiff in error, cited *Cauffman* v. *Magill*, (4 Serg. & Rawle, 321.) *Shelhamer* v. *Thomas*, (7 Serg. & Rawle, 106.) *Clark* v. *Baker*, (2 Whart. Rep. 343.)    *Bellas* v. *Hayes*, (5 Serg. & Rawle, 445.)    *Hannay* v. *Stewart*, (6 Watts, 490.)

Mr. *Dubois*, contra, cited 1 *Troubat & Haly's Practice*, 278; *Greenwalt* v. *Burn*, (3 Yeates, 6.)

The opinion of the Court was delivered by

GIBSON, C. J.—It was difficult to describe with greater accuracy, the right sold.   The patent was granted for an improvement by the adaptation of a grinding apparatus to a shelling machine; and the subject of the sale is alleged to be a shelling and grinding machine together.   Now the defendant disputed not the vendor's right in respect to the apparatus, but only his right to the original patent; and hence he might strictly describe the subject of his defence as a failure of consideration in the sale of a patent-right for a shelling machine, the title to it being in another.   But independently of that, the subject of the defence was suggested with sufficient accuracy to put the plaintiff on his guard, which it is the business of a notice of special matter to do; for it certainly is not to be scanned with the severity due to a special plea in bar.   The defence was an equitable one; and it is by no means clear that it was not set forth with the certainty required in a bill for an injunction.   The exception to the specification of the improvement on the ground of variance, therefore, fails.

But the paper was offered to show what the patentee himself claimed to be his right; and it had been furnished to the defendant several months after the delivery of the conveyance, by the vendor's agent, who had negociated the sale: whence an objection that the plaintiff is not to be affected by acts or declarations of the agent subsequent to the agency.   It is not clear, however, that the agency was closed while any thing remained to be done for the completion of the sale; and it is certain that a delivery of the muniments of title, was as much a part of the agent's duty as was a delivery of the conveyance.   That is not all.   The agent testified that he had informed his principal of his delivery of the specification; and if the act were done without his authority in the first instance, he was bound promptly to disavow it.   He did not disavow it, and his silence was full proof of acquiescence; consequently there was

(M'Dowell v. Meredith.)

either an original authority, or a subsequent ratification which is equivalent to one.

But it is insisted, that the deed actually purports to convey no more than the right to the improvement; and that it consequently ought to have been excluded. The descriptive words are, " all the right, title, and interest of the said Weaver in a certain corn-shelling and grinding machine;" which might well bear the attempted interpretation, were it not for a preceding recital, that " the said George M. Weaver did forward to the United States patent-office his specification of *his corn-shelling* and grinding machine, which invention is secured to him for the term of fourteen years." Not a word in this to indicate an interest restricted to the improvement; but, in the absence of the specification which had not then been produced, there is every thing to indicate an interest in every part of the invention. What avails it then that he sold only his interest in the machine such as it might be, when the descriptive words were coupled with an assertion, that the whole was his own?

All the answers to the prayers for direction, involve points already disposed of, except the refusal of the Court to submit the construction of the patent and the conveyance to the jury. It evidently, however, belonged to the Court to say whether the patent embraced any thing but an improvement, and whether more was not sold. This comprised the whole case; and whether the jury believed the witnesses or not, the plaintiff was not entitled to recover.

Judgment affirmed.